UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROGER BEECHAM,

        Petitioner,       12 CV. 7209 (CS) (PED)

- *against* -            **REPORT AND
RECOMMENDATION**

BRUCE YELLCH, Superintendent,

        Respondent.

TO: THE HONORABLE CATHY SEIBEL
   UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Roger Beecham ("Petitioner"), proceeding *pro se*, seeks a federal writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. On January 4, 2010, Petitioner pleaded guilty to criminal possession of a weapon in the second degree before Judge Barbara Zambelli in Westchester County Court. Petitioner was sentenced on March 2, 2010, as a second violent felony offender, to a determinate term of eight years imprisonment, to be followed by five years of post-release supervision. The matter comes before me pursuant to an Order of Reference dated February 11, 2013. (Dkt. 8). For the reasons set forth below, I respectfully recommend that the petition be **DENIED**.

## II. BACKGROUND

A. **Conviction and Sentence**

On January 4, 2010, Petitioner pleaded guilty to criminal possession of a weapon in the second degree, in violation of New York Penal Law § 265.03, a Class C felony. See Resp't's Mem. of Law ("Resp't's Mem.") (Dkt. 16), at Ex. 1, at 88-96 (transcript of plea colloquy). Petitioner was sentenced on March 2, 2010, as a second violent felony offender, to a determinate

term of imprisonment of eight years, to be followed by five years of post-release supervision.[1]
See Pet'r's Habeas Relief Pet. ("Pet."), at 1 (Dkt. 1).

**B.    Direct Appeal**

Petitioner raised one claim on direct appeal: the sentence "should be modified in the interest of justice under the circumstances." See Resp't's Mem., at Ex. 3, at 13 (Appellate Brief). The Second Department affirmed the conviction on March 6, 2012. People v. Beecham, 938 N.Y.S. 2d 924 (2012). The New York State Court of Appeals denied leave to appeal on June 13, 2012. People v. Beecham, 19 N.Y. 3d 957 (2012).

**C.    Federal *Habeas* Petition**

By *pro se* application notarized September 20, 2012, Petitioner seeks a federal writ of *habeas corpus* and raises the following three claims:

(1)    excessive sentence;
(2)    "Miranda rights not read on the interrogation video violating the Petitioner's constitutional rights;"[2] and
(3)    Petitioner "was promised 7 years by the District Attorney."

Pet., at 4. Respondent filed its affidavit in opposition to the petition on April 18, 2013. Petitioner did not file a reply.

### III. DISCUSSION

**A.    Applicable Law**

"Habeas review is an extraordinary remedy." Bousley v. United States, 523 U.S. 614, 621 (1998) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)). Before a federal district court may

---

[1] Petitioner was previously convicted of robbery in the first degree in Kings County on January 14, 2002. See Resp't's Aff. in Opp'n to Pet. for Writ of *Habeas Corpus* ("Resp't's Aff."), at 8 (Dkt. 15).

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

review the merits of a state criminal judgment in a *habeas corpus* action, the court must first determine whether the petitioner has complied with the procedural requirements set forth in 28 U.S.C. §§ 2244 and 2254. If there has been procedural compliance with these statutes, then the court must determine the appropriate standard of review applicable to petitioner's claim(s) in accordance with Section 2254(d). The procedural and substantive standards applicable to *habeas* review were substantially modified by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996).

1. **_Timeliness Requirement_**

A federal *habeas corpus* petition is subject to AEDPA's strict, one-year statute of limitations. See 28 U.S.C. § 2244(d). The statute provides four different potential starting points for the limitations period, and specifies that the latest of these shall apply. See id. § 2244(d)(1). Under the statute, the limitation period is tolled only during the pendency of a properly filed application for state post-conviction relief, or other collateral review, with respect to the judgment to be challenged by the petition. See id. § 2244(d)(2). The statute reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The one-year limitation period is subject to equitable tolling, which is warranted when a petitioner has shown "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2262 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). In the Second Circuit, equitable tolling is confined to "rare and exceptional circumstance[s]," Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (internal quotation omitted), which have "prevented [the petitioner] from filing his petition on time," Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (internal quotation marks and emphasis omitted). The applicant for equitable tolling must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing – a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde, 224 F.3d at 134.

2.  **_Exhaustion Requirement_**

A federal court may not grant *habeas* relief unless the petitioner first exhausted his claims in state court. See 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The statute reads as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - -
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the

> rights of the applicant.
>
> ...
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1), (c).

To exhaust a federal claim, the petitioner must have "fairly present[ed] his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim," and thus "giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted). "Because non-constitutional claims are not cognizable in federal habeas corpus proceedings, a habeas petition must put state courts on notice that they are to decide federal constitutional claims." Petrucelli v. Coombe, 735 F.2d 684, 687 (2d Cir. 1984) (citing Smith v. Phillips, 455 U.S. 209, 221 (1982)). Such notice requires that the petitioner "apprise the highest state court of both the factual and legal premises of the federal claims ultimately asserted in the habeas petition." Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005) (internal citation omitted). A claim may be "fairly presented" to the state courts therefore, even if the petitioner has not cited " chapter and verse of the Constitution," in one of several ways:

> (a) [R]eliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

Daye v. Attorney Gen. of State of N.Y., 696 F.2d 186, 194 (2d Cir. 1982). A *habeas* petitioner who fails to meet a state's requirements to exhaust a claim will be barred from asserting that

claim in federal court. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

However, "[f]or exhaustion purposes, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997) (internal quotation omitted). "In such a case, a petitioner no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. § 2254(b)." Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991). Such a procedurally barred claim may be deemed exhausted by a federal *habeas* court. See, e.g., Reyes, 118 F.3d at 139. However, absent a showing of either "cause for the procedural default and prejudice attributable thereto," Harris v. Reed, 489 U.S. 255, 262 (1989), or "actual innocence," Schlup v. Delo, 513 U.S. 298 (1995), the petitioner's claim will remain unreviewable by a federal court.

Finally, notwithstanding the procedure described above, a federal court may exercise its discretion to review and deny a mixed petition containing both exhausted and unexhausted claims if the unexhausted claims are "plainly meritless." Rhines v. Weber, 544 U.S. 269, 277 (2005); see § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); see also, e.g., Padilla v. Keane, 331 F. Supp. 2d 209, 216 (S.D.N.Y. 2004) (interest in judicial economy warrants the dismissal of meritless, unexhausted claims).

3.   ***Procedural Default***

Even where an exhausted and timely *habeas* claim is raised, comity and federalism demand that a federal court abstain from its review when the last-reasoned state court opinion to address the claim relied upon an "adequate and independent finding of a procedural default" to deny it. Harris, 489 U.S. at 262; see also Coleman v. Thompson, 501 U.S. 722, 730 (1991); Ylst

v. Nunnemaker, 501 U.S. 797, 803 (1991); Levine v. Comm'r of Corr. Servs., 44 F.3d 121, 126 (2d Cir. 1995).

A state court decision will be "independent" when it "fairly appears" to rest primarily on state law. Jimenez v. Walker, 458 F.3d 130, 138 (2d Cir. 2006) (citing Colman, 501 U.S. at 740). A decision will be "adequate" if it is "'firmly established and regularly followed' by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)). The determination of whether a state procedural rule is "firmly established and regularly followed" requires inquiry into "the specific circumstances presented in the case." Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003) (citing Lee v. Kemma, 534 U.S. 362, 386-87 (2002)). The Second Circuit has identified three "guideposts" for making this determination:

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether the state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, legitimate government interest.

Id. (citing Lee, 534 U.S. at 381-85).

### 4.     *AEDPA Standard*

Before a federal court can determine whether a petitioner is entitled to federal *habeas corpus* relief, the court must determine the proper standard of review under AEDPA for each of petitioner's claims. § 2254(d)(1)-(2). This statute "modifie[d] the role of federal habeas corpus courts in reviewing petitions filed by state prisoners," and imposed a more exacting standard of review. Williams v. Taylor, 529 U.S. 362, 402 (2000). For petitions filed after AEDPA became effective, federal courts must apply the following standard to cases in which the state court decided the claim on its merits:

> An application of a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - -
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The deferential AEDPA standard of review will be triggered when the state court has disposed the federal claim "on the merits" and has reduced its disposition to judgment. Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001). Where the state court "did not reach the merits of the federal claim, however, "federal habeas review is not subject to the deferential standard that applies under AEDPA....Instead, the claim is reviewed *de novo*." Cone v. Bell, 556 U.S. 449, 472 (2009); see § 2254(d).

Under the first prong of the AEDPA deferential standard, a state court decision is contrary to federal law only if it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if [it] decides a case differently than [the Supreme Court] on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A decision involves an "unreasonable application" of Supreme Court precedent if the state court "identifies the correct governing legal rule from the Supreme Court cases but unreasonably applies it to the facts of the particular state prisoner's case," or if it "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407.

> Under § 2254(d), a habeas court must determine what arguments or theories supported or . . . could have supported . . . the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court. . . . If this standard is difficult

8

to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. . . . It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the federal claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement.

Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011) (internal quotation marks and citations omitted).

Under the second prong of AEDPA, the factual findings of state courts are presumed to be correct. § 2254(e)(1); see Nelson v. Walker, 121 F.3d 828, 833 (2d Cir. 1997) (citing Green v. Scully, 850 F.2d 894, 900 (2d Cir. 1988) ("'[t]he factual findings of the New York Courts are presumed to be correct'"). The petitioner must rebut this presumption by "clear and convincing evidence." § 2254(e)(1).

**B.   Analysis of Petitioner's Claims**

    **1.   *Excessive Sentence Claims***

Petitioner argues in his first and third claims that his sentence of eight years is excessive and that it should be reduced in the interest of justice. See Pet., at 4. Among other things, Petitioner contends that a seven year sentence is appropriate because he "was promised 7 years by the District Attorney." Id. Respondent contends that this claim is not cognizable upon federal *habeas* review. See Resp't's Mem., at 3. Respondent is correct.

Petitioner's sentencing claims do not warrant *habeas* relief. It is well-settled that "[n]o federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam); see Dorsey v.

9

Irvin, 56 F.3d 425 (2d Cir. 1995). At the time of the offense, New York law permitted a second felony offender to receive a determinate sentence of fifteen years imprisonment for a conviction of criminal possession of a weapon in the second degree. See N.Y. Pen. Law § 265.03 (classifying criminal possession of a weapon in the second degree as a Class C felony); id. § 70.02(1)(b), amended by 2013 N.Y. Sess. Law ch. 1, § 2230 (2013) (classifying criminal possession of a weapon in the second degree as a Class C violent felony offense); id. § 70.06(1) (defining second felony offender); id. § 70.00(6) (requiring court to impose a determinate sentence in accordance with § 70.02 and a period of post-release supervision in accordance with § 70.45); id. § 70.04(3)(b) (requiring second felony offender currently convicted of a Class C violent felony offense to receive a determinate sentence of at least seven years and not more than fifteen years imprisonment); id. § 70.45(1)-(2) (requiring five year period of post-release supervision).

Petitioner's claim that he was "promised" a seven-year sentence is belied by the record. Although the District Attorney apparently extended (and Petitioner rejected) a seven-year offer in January 2009, before Petitioner was indicted, see Resp't's Aff., at 5, it is clear that the offer Petitioner received (and ultimately accepted) on January 4, 2010, was eight years' imprisonment followed by five years' post-release supervision. See Resp't's Mem., at Ex. 1, at 88. The record shows that Petitioner accepted these terms when he pleaded guilty that day. Id.

Petitioner's sentence of eight years imprisonment and five years post-release supervision falls within the statutory range. Accordingly, Petitioner's sentencing claims must be denied.

### 2. Miranda *Claim*

Petitioner argues that his "Miranda rights [were] not read on the interrogation video," which "violat[ed] [his] constitutional rights." Pet., at 4. Respondent contends, among other

10

things, that the claim remains unexhausted and procedurally barred. See Resp't's Mem., at 8-11. Respondent is correct.

It is clear that Petitioner did not raise his Miranda claim on direct appeal. See Resp't's Mem., at Ex. 3, at 13. However, this claim may be deemed exhausted because Petitioner no longer has remedies available in the state courts to raise and exhaust such a record-based claim. N.Y. Crim. Proc. Law § 440.10(2)(c); Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997). Petitioner does not assert cause and prejudice, nor a fundamental miscarriage of justice, that would enable this Court to circumvent his default and review the merits of his claim. Schlup, 513 U.S. at 324; Harris, 489 U.S. at 262. Accordingly, this Court is precluded from further review. The Miranda claim must be denied.

## IV. CONCLUSION

For the reasons set forth above, I conclude - and respectfully recommend that Your Honor should conclude - that the petition be **DENIED**. Further, because reasonable jurists would not find it debatable that Petitioner has failed to demonstrate by a substantial showing that he was denied a constitutional right, I recommend that no certificate of appealability be issued. See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Dated: April 11, 2014
       White Plains, New York

Respectfully Submitted,

_____
Paul E. Davison
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been mailed to the following:

> Roger Beecham, *pro se*
> DIN 10-A-1130
> Cayuga Correctional Facility
> P.O. Box 1186
> Moravia, New York 13118

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days, plus an additional three (3) days, or a total of seventeen (17) days, from service of this Report and Recommendation to serve and file written objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objection, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Honorable Cathy Seibel, at the Hon. Charles L. Brieant, Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Seibel.